IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| DAMON LEE SPELLS, | ) |
| Plaintiff, | ) Civil Action No. 23-cv-01942-LKG |
| v. | ) Dated: July 31, 2023 |
| BAY COUNTRY FINANCIAL, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The above-entitled Complaint was filed with this Court on July 20, 2023, together with a Motion for Leave to Proceed in Forma Pauperis. ECF No. 2. Because he appears to be indigent, Plaintiff's motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff appears to be raising a breach of contract claim but has not included pertinent information required for such a claim. *See* ECF No. 1 at 6. He cites the "Federal Reserve Act Section 16 Part 2" and states that he "issued" a "letter of advice bill of exchange and letter of affidavit of truth and a notice right to rescind to Bay Country Financial for the discharge and offset of the debt that was acquired." *Id.* He claims he is exercising his rights and that he "didn't receive anything" but should have "received a paid off vehicle." *Id.* He concludes that this amounts to a breach of contract and securities fraud, as well as a violation of unspecified constitutional rights and federal law. *Id.* The exhibits appended to the complaint offer no clarification about the facts underlying Plaintiff's claims; rather as they are random documents such as a "Declaration of Political Status" in which Plaintiff proclaims that he has "returned to my lawful birthright political status as a Marylander" and that he is claiming his "exemptions as stated in Federal Code 8 USC

1101(a)21."[1] ECF No. 1-3 at 28. Other exhibits include a "Common Carry Declaration" in which Plaintiff states he is an "American State National" and affirms he will "responsibly exercise my right to bear arms." *Id.* at 25. There is also a "Declaration of the Naturalization Act of July 1779" which includes bizarre statements such as:

> I declare that I am the owner and operator of my vessels on Earth from the moment my zygote first formed, together with all DNA and all substance matter in any way associated with me and my incarnation, and I further declare that I accept my divine origin and all honor, right, title, and material interests I am owed;
>
> \*\*\*
>
> I declare, publish, and affirm under penalty of perjury under the Public Law of the United States of America and from without the United States and without the United States of America Territories, that my house is established in [Baltimore] County and my home is established in [Maryland] and no other presumption or impersonation is allowed;

ECF No. 1-3 at 21. None of the documents attached as exhibits are relevant to a claim of breach of contract, or a violation of federal constitutional or statutory rights.

As noted, Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

---

[1]   8 U.S.C. § 1101(a)(21) is a statute providing definitions applicable to "Aliens and Nationality." The paragraph cited by Plaintiff simply states: "The term 'national' means a person owing permanent allegiance to a state."

Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Absent from the pleadings filed in this case are such vital facts as the nature of the agreement underlying the alleged contract and the manner in which it was breached. As such, the basis of Plaintiff's Complaint is inscrutable. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555. The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

The Complaint does not meet the minimal pleading requirements and fails to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

By separate Order which follows, the Complaint shall be dismissed and the Motion for Leave to Proceed in Forma Pauperis shall be granted.

July 31, 2023
Date

LYDIA KAY GRIGGSBY
United States District Judge